UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20546-CIV-SIMONTON
<u>CONSENT CASE</u>

SALOMON ZAMBRANA,

    Plaintiff,

v.

GEMINIS ENVIOS CORP., et al.,

    Defendants.
_____/

<u>ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT</u>

Presently pending before the Court is Plaintiff's Motion for Final Default Judgment (DE # 46). The deadline to file a response expired on June 1, 2009 and none has been filed to date. This case is referred to the undersigned Magistrate Judge for final disposition based upon the consent of the parties (DE # 16). Following a careful review of the record and for the reasons stated herein, Plaintiff's motion is GRANTED.

    I.    <u>BACKGROUND</u>

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* In the Complaint, Plaintiff Salomon Zambrana alleges that the individual defendants, Eddie A. Fuentes and Rebeca M. Fuentes, ran the day-to-day operations of the corporate defendant, Geminis Envios Corp.; and, that they were responsible for paying Plaintiff's wages. Plaintiff further alleges that he worked for Defendants between October 11, 2006 and April 6, 2007, during which time he was paid at a regular hourly rate of $8.00 per hour, but that he worked between 91 and 105 hours per week, for which time he was not paid time-and-a-half overtime wages as required by law (DE # 1).

On March 28, 2008 Defendants filed an Answer and Counterclaim, alleging that

**Plaintiff tortiously interfered with its business relationship by poaching Defendants' customers while he was supposed to be working for them; and, that Plaintiff was unjustly enriched and breached an oral loan by accepting $1,500 from Defendant Eddie A. Fuentes without repaying him (DE # 8).**

**Then, on January 16, 2009, the Court permitted Defendants' counsel to withdraw from this case, but required the individual defendants to either obtain new counsel or file notices of intent to proceed *pro se*; and, the corporate defendant was required to obtain new counsel (DE # 34). Although Defendant Eddie A. Fuentes timely filed a notice of intent to proceed *pro se*, the remaining Defendants failed to comply with the Court's January 16, 2009 Order; and, they also failed to respond to the Court's subsequent April 20, 2009 Order to Show Cause why their counterclaims should not be dismissed and why a default judgment as to liability should not be entered against them (DE # 38).**

**In a two companion Orders issued May 4, 2009, the Court granted Plaintiff's motions to dismiss the counterclaims asserted by all Defendants (DE # 44); and, granted his motions to enter a default judgment as to liability against Rebeca M. Fuentes and Geminis Envios Corp (DE # 45).**

**On May 14, 2009, Plaintiff filed the instant motion for final default judgment. In connection with its motion, Plaintiff filed an affidavit stating that he is entitled to $19,600 in unpaid overtime wages under the FLSA, based on the fact that he worked an average of 98 hours per week for 25 weeks at a regular hourly rate of $8 per hour, as set forth in the Complaint (DE # 46, Ex. A). In addition, Plaintiff seeks reimbursement for attorneys' fees ($6,222.50) and costs ($920.60) totaling $7,143.10 (DE # 46). Defendants have failed to respond within the time provided.**

## II. LEGAL FRAMEWORK FOR ANALYSIS

### A. Damages

It is well established that a "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). A default judgment as to liability is not final, however, until the amount of damages is determined. With regard to the measure of damages, the allegations contained in the complaint are not considered admissions by virtue of the default; "[r]ather, the Court determines the amount and character of damages to be awarded." *Wallace v. The Kiwi Group, Inc.*, 247 F.R.D. 679, 681 (quoting *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1343, 1346 (M.D. Fla. 2008)). The prevailing plaintiff bears the burden of proving the amount of damages, which may be established either by submitting "sufficient evidence . . . to support the request for damages," or, if the documentary evidence is not sufficient, via a hearing on damages. *Id.* Thus, "[i]t must be clear from the record either that a hearing was held or that the trial court utilized . . . 'mathematical calculations' and 'detailed affidavits'" to ascertain the appropriate measure of damages. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

### B. Attorneys' Fees and Costs

It is well settled that the FLSA mandates an award of reasonable attorneys' fees and costs to a prevailing plaintiff, *see* 29 U.S.C. § 216(b); *Silva v. Miller*, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008), including plaintiffs that prevail by virtue of a default. *See Simon v. Leaderscape, LLC*, 565 F. Supp. 2d 1332, 1334 (S.D. Fla. 2008). Courts in this Circuit apply the lodestar method to determine attorneys' fees, which are derived by multiplying a reasonable hourly rate by a reasonable number of hours expended. *See*

*Gray v. Lockheed Aeronautical Sys. Co.,* 125 F.3d 1387, 1389 (11th Cir. 1997).  The fee applicant bears the burden of establishing a reasonable hourly rate, which is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).  "The court is deemed an expert on the issue of hourly rate and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Tyler v. Westway Automotive Service Ctr., Inc.*, No. 02-61667-CIV, 2005 WL 6148128, at *2 (S.D. Fla. Mar. 10, 2005) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).  In addition, the fee applicant must exercise "billing judgment" by excising hours from their application that are "excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Finally, even in a default scenario, the Court must review the costs claimed by the prevailing plaintiff in order to ensure that they are authorized under the applicable statute and Federal Rules.  *See Azam-Qureshi v. The Colony Hotel, Inc.*, 540 F. Supp. 2d 1293, 1300 (S.D. Fla. 2008) (refusing to tax costs of expert witnesses, *sua sponte*, to the prevailing plaintiff in an FLSA case).

>  III.  ANALYSIS
> 
>  A.  Damages

At the outset, the undersigned notes that there is a mathematical error in Plaintiff's calculation of the appropriate measure of damages.  As stated in the Complaint, as well as Plaintiff's affidavit as to damages, Plaintiff was paid at his regular rate of $8.00 per hour for the 25-week period in which he worked an average of 98 hours per week for Defendants, but he was not paid time-and-a-half overtime wages for any

overtime hours that he worked in excess of 40 hours per week (DE # 1 at 3, ¶ 10). In other words, Plaintiff was entitled to be paid at a rate of $12.00 per hour for the 58 overtime hours he worked per week, but he only received $8.00 per hour; thus, the correct measure of actual damages is $5,800.00, based upon the fact that he is entitled to an additional $4.00 per hour for 58 overtime hours per week over the course of 25 weeks.

However, in his affidavit as to damages, Plaintiff claims that he is entitled to actual damages totaling $9,800, based on his claim for $4.00 per hour for <u>98 hours per week</u> over the course of 25 weeks. This is incorrect, and would result in a windfall to Plaintiff, by allowing him to collect his time-and-a-half overtime rate of $12.00 per hour for <u>all</u> of the hours that he worked, rather than limiting his recovery of unpaid overtime wages to only those hours he worked in excess of 40 hours per week.

In sum, the undersigned finds that Plaintiff's affidavit establishes that he is entitled to an award of $11,600 in damages. First, Plaintiff avers that he worked for Defendants for 25 weeks; and, second, Plaintiff avers that he worked an average of 98 hours per week during the term of his employment. Plaintiff therefore worked an average of 58 overtime hours per week for 25 weeks, resulting in a total of 1,450 overtime hours. Plaintiff next avers that he was paid his regular rate of pay of $8.00 per hour for all hours that he worked. Thus, Plaintiff is entitled to an additional $4.00 per hour for all overtime hours worked in excess of 40 hours per week (i.e., 1,450 hours), for a total of $5,800.00 (DE # 46, Ex. A). Finally, Plaintiff is entitled to liquidated damages equal to the amount of actual damages, based on the allegation, which is deemed admitted by virtue of Defendants' default, that Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by law (DE # 1 at 3, ¶ 11).

### A. Attorneys' Fees

Plaintiff is entitled to an award of attorneys' fees, although applying the lodestar analysis indicates that the fees sought are based on excessive hourly rates and will therefore be reduced, as set forth in detail below. In sum, Plaintiff seeks $6,222.50 in attorneys' fees, but after making the appropriate reductions, the undersigned concludes that a reasonable attorneys' fee award in this case is $5,355.00.

#### 1. Reasonable Hours Expended

Based upon a thorough review of the attorney time records filed as an exhibit to the instant motion, the undersigned finds that Plaintiff's counsel exercised prudent billing judgment and it is therefore unnecessary to reduce the amount of attorney time claimed for their work in the instant fee petition.

Specifically, Daniel Feld, Esq. recorded, in 7 separate entries, a total of 4.9 hours of attorney time in connection with this case (DE # 46, Ex. B at 1); David Kelly, Esq. recorded, in 14 separate entries, a total of 11.6 hours of attorney time (*id.*); and, finally, Jamie Zidell, Esq. recorded, in 6 separate entries, 3.8 hours of attorney time (*id.*).

#### 2. Reasonable Hourly Rates

The attorneys' fees requested by Plaintiff are based on an hourly rate of $175 per hour for Mr. Feld, $300 per hour for Mr. Kelly and $325 per hour for Mr. Zidell. Based upon a review of the record of this case and other, similar cases, as well as the undersigned's familiarity with the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," the undersigned concludes that the hourly rates sought by Plaintiff's counsel for work performed by Messrs. Feld and Zidell are excessive. *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

The undersigned begins by noting that, in a case assigned to the undersigned Magistrate Judge, Plaintiff's counsel recently represented a plaintiff in another FLSA case involving a defaulted defendant.  *Turcios v. Delicias Hispanas Corp., et al.*, Case No. 07-20150-CIV-SIMONTON.  In that case, counsel argued, and the undersigned agreed, that an hourly rate of $137.50 for Mr. Feld was reasonable, based in part on the fact that earlier this year another Court in this District found $137.50 to be a reasonable hourly rate for Mr. Feld.  *Turcios v. Delicias Hispanas Corp.*, No. 07-20150-CIV, 2009 WL 1393238, at *3 (S.D. Fla. May 14, 2009) (Simonton, M.J.) (citing *DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-21709-CIV, 2009 WL 36550, at *6 (S.D. Fla. Jan. 6, 2009)).  In this case, the hourly rate is uncontested and the undersigned concludes that $150.00 per hour, not the requested rate of $175.00 per hour, is within the range of reasonable hourly rates for an attorney of Mr. Feld's skill, experience and reputation in this community.

In *Turcios*, the undersigned Magistrate Judge also concluded that $300.00 per hour was a reasonable rate for Messrs. Kelly and Zidell; and, that Mr. Zidell's request for $330.00 per hour was unreasonably excessive.  *Id.*  For the reasons stated in *Turcios*, the undersigned finds *Silva v. Miller*, 547 F. Supp. 2d 1299, 1306 (S.D. Fla. 2008), a case in which Mr. Zidell's reasonable hourly rate was set at $330.00 per hour, to be distinguishable from the instant case.  Based upon the undersigned's familiarly with the relevant rates charged for legal services of a similar caliber in this community, she concludes that a reasonable hourly rate for Messrs. Kelly and Zidell is $300.00 per hour.

### 3. Lodestar Calculation

Thus, based upon the figures set forth above, the undersigned concludes that it is appropriate to award Plaintiff attorneys' fees in the total amount of $5,355.00. This sum is based on the following hours and rates for the following attorneys: $735.00 for Mr. Feld, who billed 4.9 hours of attorney time at a rate of $150.00 per hour; $3,480.00 for Mr. Kelly, who billed 11.6 hours of attorney time at a rate of $300.00 per hour; and $1,140.00 for Mr. Zidell, who billed 3.8 hours of attorney time at a rate of $300.00.

### B. Costs

Plaintiff also requested an award of costs totaling $920.60, based upon the $350.00 filing fee, the $105.00 expense of serving 3 defendants with process and the $465.00 charge for the deposition transcript of Defendant Eddie A. Fuentes. These costs are all taxable under the FLSA and § 1920. *See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649, 652 (S.D. Fla. 2007) (awarding the prevailing plaintiff the cost of the filing fee, private process server fee and cost of deposition transcripts). The undersigned notes that in this case, as in *James*, the cost of the process server was $35.00 per defendant, which is less than the rate charged by the United States Marshals Service during the relevant period; and, that the transcript of Defendant Eddie A. Fuentes' deposition, which occurred in November 2008, was necessarily obtained for use in this case. It is, accordingly,

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Final Default Judgment (DE # 46) is **GRANTED**. A Final Judgment will be entered in favor of Plaintiff and against Defendants, jointly and severally, in the total amount of $17,875.60, which consists of the value of Plaintiff's actual damages ($5,800.00), liquidated damages

($5,800.00) and attorneys' fees ($5,355.00) and costs ($920.60).

**DONE AND ORDERED** in chambers in Miami, Florida on June 4, 2009.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies to:**
**All counsel and** *pro se* **parties of record via CM/ECF**